THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>JOSE ALFREDO MALDONADO-RAMIREZ, *et al.*,<br><br>                Defendants. | CASE NO. CR21-0174-JCC<br><br>ORDER |

       This matter comes before the Court on the Government's motion to continue trial (Dkt. No. 183). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained below.

       In October 2021, the grand jury returned an indictment against eight defendants, Jose Maldonado-Ramirez, Iris Amador-Garcia, Mildred Ramirez-Perez, Amado Castillo, Mario Amador-Garcia, Jose Bernal, Fernando Lopez-Mendez, and Justino Cruz-Victorio, charging a conspiracy to distribute controlled substances. (Dkt. No. 1.) A superseding indictment added Bayron Garcia-Perez, Dwayne George, Joseph Easton, Angelique Easton, Jerry Kohl, Douglas Healer, Barbi Barnes, Preston Smith, and Curtis Griffin as Defendants. (Dkt. No. 40.) The nine additional Defendants named in the superseding indictment were originally charged in a separate indictment. *See United States v. George, et. al.*, Case No. CR21-0170-JCC, Dkt. No. 1 (W.D.

Wash. 2021). The charges in that case have since been dismissed without prejudice, *see George*, CR21-0170-JCC, Dkt. No. 86, effectively consolidating both prosecutions in the above-captioned matter.

The charges result from an 18-month wiretap investigation in which DEA and other law enforcement agents conducted, among other things, a dozen controlled drug buys from Mr. Maldonado Ramirez and his associates and intercepted his phone communications. (Dkt. No. 183 at 2.) Search warrants executed as part of the investigation resulted in the seizure of drugs, related equipment, firearms, and cash, much of which is still being processed or remains to be produced by the Government. (*Id.* at 4.) To date, the Government has produced 14,300 pages of discovery, comprising wiretap pleadings, records from intercepted calls, investigative reports, surveillance images, warrants, and related materials. (Dkt. No. 183 at 5.) The Government indicates that a significant amount of additional discovery from its investigation has not yet been produced. (*Id.*)

Trial in this case is currently set for January 3, 2022. (*See, e.g.*, Dkt. No. 88.) The Government seeks a continuance, citing the size and complexity of the case, the number of defendants, the volume of discovery, and uncertainty resulting from the ongoing pandemic. (Dkt. No. 183 at 8–9.) According to the Government, counsel for seven of the 17 Defendants have indicated their clients agree or "likely agree" to a continuance; eight defendants have not stated a position, either because counsel had not had a chance to speak to their clients when the Government asked, counsel was appointed the day before the Government filed its motion, or because those Defendants have yet to appear in this District; two defendants—Messrs. Kohl and Healer—oppose a continuance. (*See* Dkt. Nos. 183 at 6–7, 184 at 1.)

The facts that support continuing the trial and excluding the resulting delay are set forth in the Government's motion to continue (Dkt. No. 183), as summarized above, and include the following: (a) the number of defendants charged; (b) the nature of the prosecution, which involves a lengthy wiretap investigation into activities in multiple jurisdictions, culminating in

months of intercepted phone calls; (c) the potentially significant sentences faced by Defendants as currently charged, (d) the volume of discovery, and (e) the need for defense counsel, some of whom were appointed very recently, to have an appropriate period to review discovery, consult with their clients, and prepare a defense. In addition, the Court notes that the COVID-19 pandemic has made it more difficult for counsel to consult with their clients, especially those who are incarcerated.

Having thoroughly considered the parties' briefing and the relevant record, the Court FINDS that the ends of justice served by granting a continuance outweigh the best interest of Defendants and the public to a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The reasons for this finding are:

1. Failure to grant the requested continuance would make the continuation of this case impossible and result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i);

2. Due to the factors articulated above, this case is sufficiently unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself based on the current January 3, 2021 trial date, as set forth in § 3161(h)(7)(B)(ii);

3. To the extent this case is not sufficiently unusual or complex, then, given that, among other things, the Government has yet to produce significant amounts of discovery, a failure to grant a continuance would unreasonably deny the parties' counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, as set forth in § 3161(h)(7)(B)(iv); and

4. In light of the factors discussed above, it is unreasonable to expect the parties to be ready to try this matter before November 14, 2022.

The Court further FINDS that the time between the current January 3, 2021 trial date and November 14, 2022, is a reasonable period of delay under § 3161(h)(6) that is excludable as to all joined codefendants.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Government's motion for a continuance (Dkt. No. 183) is GRANTED.

2. The current trial date is CONTINUED to November 14, 2022; pretrial motions will be due October 24, 2022. Parties should consult the Court's Chambers Procedures posted on its website for detailed instructions regarding pretrial submissions and trial procedure.

3. The time from the date of this order until the November 14, 2022 trial date is an excludable period under 18 U.S.C. §§ 3161(h)(6) and (7)(A).

DATED this 29th day of December 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE